UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS A. HUMBLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1072 JCH |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Demetrius A. Humbles' pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

On March 7, 2008, Petitioner pled guilty to one count of assault in the first degree and one count of armed criminal action. (Resp. Exh. C, P. 6). Pursuant to the plea agreement and recommendation by the prosecutor, Petitioner was given a fifteen-year sentence for the first degree assault charge and a concurrent three-year sentence for the armed criminal action charge. (Id., P. 47).

Subsequently, Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied without an evidentiary hearing. (Resp. Exh. C, P. 96). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Humbles v. State, 303 S.W.3d 652 (Mo. App. 2010).

Petitioner is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following four claims for relief:

(1) That Petitioner received ineffective assistance of counsel, in that plea counsel induced Petitioner to plea involuntarily by threatening Petitioner with "certain conviction and a life sentence" if the case went to trial;

(2) That Petitioner received ineffective assistance of counsel, in that plea counsel failed to investigate three defense witnesses who would have testified in support of Petitioner's self-defense assertion;

(3) That Petitioner received ineffective assistance of counsel, in that plea counsel failed to investigate physical evidence in support of Petitioner's self-defense assertion; and

(4) That the motion court erred in denying Petitioner an evidentiary hearing on his Rule 24.035 motion.

(Doc. No. 1, PP. 5-11). The Court will address the claims in turn.

## DISCUSSION

### I. Procedural Default

As stated above, in Ground 3 of his petition, Petitioner asserts he received ineffective assistance of counsel, in that plea counsel failed to investigate physical evidence that would have supported his assertion of self-defense. (Doc. No. 1, PP. 8-9). Although Petitioner raised the claim asserted in Ground 3 in his pro se post-conviction motion, a review of the record shows that Petitioner failed to pursue this claim either in his amended motion, or on appeal of the denial of the motion.

A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), cert. denied, 513 U.S. 983 (1994). "Failure to raise a claim on appeal from the denial of a post-conviction motion erects a procedural bar to federal habeas review." Id. (citing Gilmore v. Armontrout, 861 F.2d 1061, 1065 (8th Cir. 1988). Because Petitioner failed to raise the claim stated in Ground 3 of the instant petition on appeal of the denial of his post-conviction motion, the federal court cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995). Petitioner has not shown cause for his failure to

raise the claim in state court.[1]  In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the narrow "fundamental miscarriage of justice" exception to the required showing of cause and prejudice.  Washington v. Delo, 51 F.3d 756, 760-61 (8th Cir.), cert. denied, 516 U.S. 876 (1995).

Accordingly, the claim raised in Ground 3 of the instant petition is procedurally barred and must be denied.

## II.   Non-Cognizable Claim

As stated above, in Ground 4 of his petition for relief, Petitioner claims that the motion court erred in denying Petitioner an evidentiary hearing on his Rule 24.035 motion.  Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right.  28 U.S.C. § 2254(a); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990).  Claims that do not reach constitutional magnitude cannot be addressed in a petition for habeas corpus.  Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

"Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding."  Williams-Bey, 894 F.2d at 317.  See also Bell-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007) (citing Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)) ("the Constitution does not guarantee the existence of state post-conviction proceedings"), cert. denied, 553 U.S. 1035 (2008).  Petitioner's claim that the post-conviction motion court failed to hold a hearing on his Rule 24.035 motion is collateral to his

---

[1] Petitioner attempts to establish cause for the procedural default by asserting that his post-conviction counsel erroneously abandoned the issue raised in Ground 3 of the instant petition. (Doc. No. 1, PP. 8-9).  There is no constitutional right to effective assistance of post-conviction counsel, however.  Coleman, 501 U.S. at 752; Jolly, 28 F.3d at 54.  Therefore, to the extent Petitioner asserts the errors of his post-conviction attorney constitute cause to excuse his procedural default, the argument fails.

conviction and detention, and therefore is not cognizable in a federal habeas petition. Williams-Bey, 894 F.2d at 317. Accordingly, Ground 4 of Petitioner's § 2254 petition for relief is denied.

### III. Claims Addressed On The Merits

As stated above, in Ground 1 of his petition for relief Petitioner claims that plea counsel was ineffective for threatening Petitioner with certain conviction and a life sentence if he went to trial. (Doc. No. 1, PP. 5-6). In Ground 2, Petitioner claims plea counsel was ineffective for failing to investigate three witnesses in support of his alleged self-defense claim. (Id., PP. 6-8). Petitioner raised these claims in his Rule 24.035 motion in the St. Louis County Circuit Court, as well as on direct appeal in the Missouri Court of Appeals for the Eastern District.

The right to effective assistance of counsel is protected under the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 686 (1984). Under federal law, in order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland, 466 U.S. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption against deficient assistance of counsel, Petitioner must prove that, "in the light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the deficient performance component, he is not entitled to relief unless he can prove the deficiency prejudiced the defense. Id. at 691. The prejudice component requires the Petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. In the context of a guilty plea, to demonstrate prejudice the Petitioner must show that, but for counsel's error, he

would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

The post-conviction motion court reviewed Petitioner's ineffective assistance of counsel claims and denied them as follows:

> When a conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the plea was made. Mayberry v. State, 137 S.W.3d 543 (Mo. App. 2004).
>
> Generally, the entry of a plea of guilty waives any future complaints a Defendant may have regarding counsel's failure to investigate. Yoakum v. State, 849 S.W.2d 685, 688 (Mo. App. 1993). To prevail on a claim of ineffective assistance of counsel for failure to investigate, a Defendant must specifically describe the information counsel failed to discover, allege that a reasonable investigation would lead to the discovery of the information, and prove that the information would have aided his defense. Id. A Defendant who repeatedly assures the Court at his guilty plea and sentencing hearings that he is satisfied with his counsel's performance is barred from obtaining post-conviction relief based on ineffective assistance of counsel. Hamilton v. State, 865 S.W.2d 374, 375 (Mo. App. 1993). If the ineffective assistance of counsel claim is refuted by the record, the Defendant is not entitled to an evidentiary hearing on his post-conviction motion. Id.
>
> Movant's[2] allegations are refuted by the evidence preserved at the plea hearing. Movant testified the [sic] he was aware of the charges against him, that he discussed the charges with Trial Counsel and that he fully understood the charges and consequences of his pleas of guilty. (Plea transcript, hereinafter "p.t." p.4-11). Movant stated that no one made any promises or threats in order to get him to plead guilty. (p.t. p.24 and p. 34). Movant testified he understood the State's recommendation and the plea bargain. (p.t. p. 12-14). Movant admitted that he was in fact guilty of both crimes charged. (p.t. p. 25). The record clearly refutes Movant's claim that he felt coerced into entering his pleas of guilty.
>
> [...]
>
> Movant's claims of ineffective assistance of counsel fail to state any facts, which, if true, would warrant relief. Movant testified he had sufficient opportunity to discuss his case with Trial Counsel. (p.t. p.18-19). Movant

---

[2] Petitioner is referred to as "Movant" by the motion court.

testified that Trial Counsel fully advised him as to all aspects of his case (p.t. p. 18). Movant testified that Trial Counsel did everything of significance he had asked of her prior to the guilty pleas. (p.t. p. 18-19, p.t. p. 32). Movant's only complaint of Trial Counsel was that Trial Counsel and Movant argued. Movant unequivocally stated that he was satisfied with the services Trial Counsel rendered him. (p.t. p. 19). Movant testified that there was nothing that Trial Counsel could have done or should have done with regard to the case that she had, in fact, not done. (p.t. p. 20). Movant volunteered to the Court, that Trial Counsel went beyond Movant's requests and filed Motions on her own accord in order to assist in Movant's defense. (p.t. p. 20). Movant acknowledges knowing that he would have been able to bring in witnesses on his own behalf if the case proceeded to trial. (p.t. p. 22). Movant testified that no one threatened, intimidated, or mistreated him or any members of his family to induce him to enter his guilty pleas. (p.t. p. 23-24). Movant testified that he was satisfied with the representation by Trial Counsel. (p.t. p. 34).

(Resp. Exh. C, PP. 91-93) (omitting paragraph numbering). The motion court went on to find there was "no reasonable probability that the plea was anything less than knowingly, voluntarily and intelligently made," and that Petitioner's plea counsel "exercised the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances." (Id., P. 93).

The Missouri Court of Appeals affirmed the trial court's denial of Petitioner's motion, based on the following legal standards:

> To prevail on a claim of ineffective assistance of counsel, a movant must show that plea counsel's performance fell below an objective standard of reasonableness and that movant was prejudiced by counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 689 (1984); Castor v. State, 245 S.W.3d 909, 913 (Mo.App.E.D. 2008). Following a plea of guilty, prejudice is established only when a movant proves that but for counsel's errors, he or she would have pled not guilty and would have insisted upon a trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985); State v. Roll, 942 S.W.2d 370, 375 (Mo. banc 1997). "If conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." Roll, 942 S.W.2d at 375.

(Resp. Exh. D, PP. 3-4).

The appellate court affirmed the denial of Ground 1, finding that Petitioner failed to allege facts sufficient to satisfy either of the two Strickland prongs:

> First, Movant failed to demonstrate that plea counsel's performance was deficient as it was plea counsel's duty to inform Movant of the greater sentence he could receive if he insisted upon a trial instead of accepting the plea bargain. See Moore v. State, 207 S.W.3d 725, 731 (Mo.App.S.D. 2006). "Indeed, an able attorney will endeavor to help his or her client understand all of the possible consequences of alternatives and strategies." White v. State, 954 S.W.2d 703, 706 (Mo.App.W.D. 1997). Second, Movant failed to allege facts demonstrating the requisite prejudice because "[a]s we have held on many occasions, a mere prediction or advice of counsel as to sentencing will not lead to a finding of legal coercion that renders a guilty plea involuntary." Moore, 207 S.W.3d at 731 (see also cases cited therein).

(Resp. Exh. D, PP. 4-5).

The appellate court also affirmed the denial of Ground 2, finding that Petitioner's own testimony before the plea court refuted his allegations:

> A movant who repeatedly assures the plea court that he or she is satisfied with plea counsel's performance is barred from obtaining post-conviction relief on a claim of ineffective assistance of counsel. Eberspacher v. State, 915 S.W.2d 384, 386 (Mo.App.W.D. 1996). "By entering a guilty plea, a movant generally waives any future complaint about trial counsel's failure to investigate." Thurman v. State, 263 S.W.3d 744, 754 (Mo.App.E.D. 2008). Movant repeatedly assured the plea court of his satisfaction with plea counsel during [the plea colloquy].

(Resp. Exh. D, P. 6).

The appellate court went on to find that, despite Petitioner's assertions to the contrary, the plea court's inquiries regarding assistance of counsel were numerous and specific enough to conclusively refute the allegations, stating:

> Where, as here, the plea court's examination provides the movant "numerous opportunities to express dissatisfaction with the performance of counsel," and the movant declines to express such dissatisfaction, the record conclusively refutes the movant's allegations of ineffective assistance, even when the plea court does not specifically ask the movant about the particular deficiency complained of in his or her motion for post-conviction relief. May v. State, 921 S.W.2d 85, 88 (Mo.App.W.D. 1996) (distinguishing [State v. Driver, 912

> S.W.2d 52 (Mo. banc 1995), cited by Petitioner] on similar grounds); see also Morrison v. State, 65 S.W.3d 561, 564 (Mo.App.W.D. 2002) (same); Cupp v. State, 935 S.W.2d 367, 369-70 (Mo.App.S.D. 1996) (same).

(Resp. Exh. D, P. 10).

The highly deferential standard given to a Strickland claim requires the reviewing federal court to ask "not whether [the] federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citation omitted). See also Sumner v. Mata, 449 U.S. 539, 547-49 (1981) (State court decisions may not be set aside unless they are not supported by the record). Furthermore, state court factual findings are presumed to be correct unless the Petitioner rebuts the presumption with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Schriro, 550 U.S. at 473-74.

Upon consideration, this Court holds the findings of the state court are fairly supported by the record, and thus are presumed to be correct. With respect to Ground 1, wherein Petitioner claims he was threatened into pleading guilty by his plea counsel, a review of the record shows that the decision to enter a guilty plea was a strategic choice made by Petitioner on the advice of his plea counsel, and that Petitioner was in full agreement with that decision. (Resp. Exh. C, PP. 27-29, 34). In addition, when directly asked if "anyone threatened [him] to get [him] to plead guilty," Petitioner answered "No." (Id., P. 33). Likewise, when the court asked, "Has anyone intimidated you in order to get you to plead guilty?", and, "Has anyone forced you to plead guilty against your will?", the answer in both instances was "No." (Id., P. 33).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). In light of the statements

made by Petitioner at the plea hearing, the state court was reasonable in finding that Petitioner voluntarily pled guilty, and further received effective assistance of counsel. Smith, 921 F.2d at 157. Petitioner thus fails to satisfy the first Strickland prong,[3] and so Ground 1 of the instant petition must be denied.

With respect to Ground 2, wherein Petitioner claims counsel was ineffective for failing to investigate, a review of the record shows that Petitioner made several statements inconsistent with this claim at his plea hearing. For example, during the course of Petitioner's plea hearing, the court asked, "[o]ther than those ... little minor things, is there anything that you can think of that your attorney could have done or should have done with regard to this case that she hasn't done?", to which Petitioner responded, "No." (Resp. Exh. C, P. 29). In addition, when prompted, Petitioner's only complaint of his attorney was that he and she "argue[d] a lot." (Id., P. 28). Even so, Petitioner stated that he was satisfied with the services of his plea counsel in this case. (Id.). In view of these contrary statements made at the time of the guilty plea, the state court was reasonable in dismissing Petitioner's ineffective assistance of counsel claims. This Court therefore finds Ground 2 of the instant petition also fails to meet the Strickland standard for ineffective assistance of counsel, and must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are

---

[3] In light of the above finding of effective representation, the Court need not consider whether any alleged deficiency prejudiced Petitioner's defense.

**DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this 20th day of July, 2011.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE